IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50626
Summary Calendar
_____


ROBERT ELLIS STRIPLIN,

Petitioner-Appellant,

versus

GARY JOHNSON, Director, Texas
Department of Criminal Justice
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas

_____

July 30, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert Ellis Striplin appeals the district court's decision to dismiss his petition for a writ of habeas corpus on the ground that Striplin had failed to obtain permission from this court to file a "second or successive" petition, as required by 28 U.S.C. § 2244. Striplin is currently in the custody of the State of Texas after having been convicted in 1994 of the misapplication of fiduciary

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property. Striplin argues that his June 1996 habeas petition was not a "second or successive" petition. In order to appeal, Striplin must obtain a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), which became effective before Striplin filed his petition in the district court. Striplin has also moved this court for leave to proceed in forma pauperis ("IFP") on appeal.

In cases where the district court dismisses a petition on procedural grounds, the COA analysis is a two-step process. First, the court must consider whether the applicant has made a credible showing that he can overcome the procedural bar or defect. If so, the court next considers whether the underlying claim meets the requirements for a COA by offering "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Tucker v. Johnson, 115 F.3d 276, ___ (5th Cir. 1997); citing Murphy v. Johnson, 110 F.3d 10 (5th Cir. 1997).

In this case, Striplin has made a credible showing that he can overcome the procedural bar. Striplin asserts that his previous habeas petition, filed in March 1995, challenged the revocation of his parole, and therefore raised a "distinct and separate issue" from the present petition. The fact that the two habeas petitions raised different issues does not, of course, prevent the later-

2

filed petition from being "second or successive."  More to the point, however, is that Striplin's first petition challenged the revocation of his parole on offenses of which he had previously been convicted by a different state court.  Because Striplin's two habeas petitions were based on different underlying convictions imposed by different state courts in different years, Striplin has made a credible showing that the district court's dismissal of his present petition as "second or successive" was erroneous.

We therefore turn to the underlying merits of Striplin's habeas petition, to determine whether he has made the showing required for a COA.  In his petition, Striplin argues that his guilty plea was involuntary because the government breached its plea agreement not to prosecute Striplin's wife.  Because Striplin's petition was immediately dismissed on procedural grounds, the record does not contain a copy of the plea agreement, or any findings of fact by the district court concerning the veracity of Striplin's allegations.  For purposes of the COA, we therefore take these allegations as true.  If Striplin's factual assertions are true, Striplin's guilty plea was obtained in violation of his Fifth Amendment rights.  Because Striplin's appeal is based upon a procedural issue only, and Striplin has met the requirement for a COA with respect to at least one issue, we decline to consider whether any other issues raised in the petition

3

meet the COA standard, as these issues will not actually be considered in this appeal.

Accordingly, we turn now to the merits of Striplin's appeal, which is based only upon the claim that the district court erroneously dismissed his June 1996 habeas petition for failure to obtain prior approval to file a second or successive petition. As noted above, Striplin's March 1995 habeas petition challenged the revocation of his parole from incarceration for unrelated 1987 and 1988 convictions.[1] These convictions and sentences were imposed by the 205th Judicial District Court of El Paso County, Texas. Striplin's 1994 conviction and sentence for the misapplication of fiduciary property was imposed by the 346th Judicial District Court of El Paso County, Texas.

28 U.S.C. § 2244(b) does not define the term "second or successive." We have held, in accordance with our prior practice, that petitions that are refiled after dismissal for failure to exhaust state remedies are not "second or successive." In re Gasery, ___ F.3d ___, 1997 WL 348520 at *1 (5th Cir. 1997) (denying motion for leave to file second or successive petition as unnecessary). The underlying point, of course, is that the habeas

---

[1]Although not contained in the record on appeal, this court takes judicial notice of the contents of Striplin's March 1995 petition, obtained from the clerk of the federal district court for the Western District of Texas. See Fed. R. Evid. 201.

petitioner whose petition was dismissed on procedural grounds has not yet been able to raise his habeas claims. In Striplin's case, the claims that he seeks to raise in his present petition could not have been raised in his prior petition, and the rules governing habeas petitions indicate that challenges to convictions or sentences imposed by more than one state court *must* be raised in separate petitions. See Rules Governing Section 2254 Cases, Rule 2(d). Accordingly, we conclude that a petition that challenges the judgment of one state court may not be said to be "second or successive" to a prior petition challenging a different conviction and sentence imposed by a different state court, as under the applicable rules those claims *could not have been raised in a single petition*. Striplin's June 1996 habeas petition was therefore not "second or successive" to his May 1995 petition, and the district court's decision dismissing the present petition on this ground was incorrect.

Accordingly, Striplin's request for a COA to appeal is GRANTED. The judgment of the district court is REVERSED and the case is REMANDED to the district court for that court to consider in the first instance the state's motion to dismiss for failure to exhaust state remedies. Because we have concluded that Striplin's appeal is not frivolous, and because Striplin has properly applied

to proceed IFP, Striplin's motion to proceed IFP on appeal is also GRANTED.

COA GRANTED; MOTION TO PROCEED IFP GRANTED;
REVERSED and REMANDED.
